No. 280
### LADOW v. STATE
Ohio Appeals, 5th Dist., Richland Co.
No. 244. Decided Jan. 16, 1925.

480. EVIDENCE—Unsigned option for purchase of stock after death of alleged author is incompetent.

PARDEE, J.

Jesse Ladow was tried in the Richard Common Pleas and convicted of appropriating to his and to the use of others certain preferred stock alleged to have been owned by the estate of B. L. Chase. Things came about in this manner:

In 1911 the Mansfield Rubber Co. was on the verge of bankruptcy. Ladow and Chase and others who had interests therein, and were determined to save themselves from loss, agreed among themselves to buy the assets of said company at a trustee's sale. A new company was organized and the purchasers of the assets received for them a certain number of shares of preferred and common stock. Chase received 144 shares of common stock and 60 of the preferred stock, issued originally in the name of Ladow. Subsequently a dividend was declared giving 14 shares more of common stock to the parties.

LaDow claimed to have entered into an oral agreement with Chase concerning the purchase of his stock. After negotiations were completed the certificate for the 144 shares of common were placed in escrow and an option was given to Ladow which contained the terms, description of stock, and how the option was to be exercised. The option was exercised in 1913 and Ladow became owner of 158 shares of stock which included the 14 which were declared as dividends. About a year thereafter Chase died and his administrix claimed that the 60 shares of preferred, which had hitherto been on the books of the company, for the estate. In the year 1917 Ladow had already divided the 60 shares among the original parties. He declared that in the option it was all the stock Chase owned and not merely the common stock.

An alleged option was introduced in the trial by the state which was claimed to be a copy of the one entered into by Chase and LaDow originally. This among other causes is what Ladow assigns in error. The Court of Appeals held:

1. The alleged option, aside from being extremely prejudical to the rights of LaDow, does

not rise even to the dignity of hearsay evidence; and its admittance made the effect of Ladow's testimony of no avail, as far as the jury was concerned.

2. The trial court erred in calling special attention of the jury to the alleged option, in its charge, it being incompetent as evidence.

Attorneys—Day & Day, Cleveland, McBride & Wolfe, Mansfield, for Ladow; A. S. Beach, Geo. H. Blecker, C. H. Henkel, for State, Mansfield.